**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

RENA HILL                                                                                    PLAINTIFF

v.                                                        CIVIL ACTION NO. 1:17-cv-349-LG-MTP

THE PEOPLES BANK/BILOXI MS, ET AL.                                       DEFENDANTS

**ORDER**

THIS MATTER is before the Court on the Motion for More Definite Statement [33] filed by Defendant The Peoples Bank, Biloxi, Mississippi. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion [33] should be GRANTED.

On December 15, 2017, Plaintiff filed this action naming The Peoples Bank/Biloxi, MS, Judge Jennifer Schloegel, Timothy L. Murr, Anna Ward Sudmann, and Bradley W. Rath as defendants.[1] On April 16, 2018, The Peoples Bank filed the instant Motion [33], requesting that the Court order Plaintiff to file a more definite statement pursuant to Fed. R. Civ. P. 12(e). The Peoples Bank argues that Plaintiff's complaint and attached exhibits "are worded and structured in such a way that it is impossible to discern what the claims are and which claims are asserted against which parties."

Pursuant to Rule 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The determination of whether the complaint is such that a party cannot reasonably be required to frame a responsive pleading rests

---

[1] On March 6, 2018, the Court granted Judge Schoegel's Motion to Dismiss for Lack of Jurisdiction and Motion for Judgment on the Pleadings [19] and dismissed Judge Schoegel from this action. *See* Order [28].

1

within the Court's discretion. *See Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 130 (5th Cir. 1959); *South Miss. Elec. Power Ass'n v. Norfolk Southern R. Co.*, 2011 WL 1838566, at *10 (S.D. Miss. May 9, 2011).

In her Response [34] to the Motion for More Definite Statement, Plaintiff points out that the *pro se* complaint form, which she used as part of her Compliant [1], states that a plaintiff may "[a]ttach additional pages if needed." The Court agrees that Plaintiff was allowed to attach additional pages to her compliant. The Peoples Bank, however, does not seek a more definite statement simply because Plaintiff included additional pages, but because Plaintiff's allegations are vague and ambiguous.

Plaintiff also argues that she provided a plain statement of her claims. The Court does not agree. Certain allegations can be gleaned from Plaintiff's Complaint [1]. Plaintiff alleges that Defendants conspired to violate her constitutional rights by taking away her right to serve as mother, legal custodian, and legal guardian of her son. Plaintiff complains about proceedings held before Judge Schloegel and the notice she received prior to the proceedings. Plaintiff also states that a non-party, Thomas Quave, committed fraud. Additionally, Plaintiff alleges that she was held "hostage" in the courtroom, that her phone was wiretapped, and her computer was hacked.

Construing Plaintiff's complaint liberally, the Court finds that it does not describe the circumstances surrounding The Peoples Bank's alleged actions or involvement or any injuries or damages she attributes to The Peoples Bank. Nor does she identify the causes of action she is pursuing against The Peoples Bank in sufficient detail to allow The Peoples Bank to reasonably prepare a response. In her Response [34], Plaintiff argues that "[e]ven a lay-person knows when a contract is signed between parties it becomes a legal document, such as the documents signed

by Peoples Bank/Biloxi, MS with Plaintiff throughout the years." This statement compounds the confusion and further demonstrates the need for a more definite statement. The statement suggests that Plaintiff may be attempting to support a claim for breach of contract against The Peoples Bank, but the Complaint does not state such a claim. Clarification is required.

IT IS, THEREFORE, ORDERED that:

1. The Motion for More Definite Statement [33] is GRANTED.

2. On or before May 11, 2018, Plaintiff shall file a response to this Order. The response shall include numbered paragraphs which succinctly explain the claim or claims Plaintiff is pursuing against The Peoples Bank and provide a succinct and plain statement of the facts supporting the claim or claims and the damages or other relief sought.

3. If Plaintiff fails to file a response to this Order on or before May 11, 2018, the Court may dismiss The Peoples Bank from this action.

SO ORDERED this the 1st day of May, 2018.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE