# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **RENA HILL** | **PLAINTIFF** |
| v. | CAUSE NO. 1:17cv349-LG-MTP |
| **THE PEOPLES BANK, BILOXI, MISSISSIPPI; JUDGE JENNIFER SCHLOEGEL; TIMOTHY L. MURR; ANNA WARD SUDMAN; and BRADLEY W. RATH** | **DEFENDANTS** |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

**BEFORE THE COURT** are the [39, 42, 44] Motions to Dismiss filed by the remaining defendants: Peoples Bank, Biloxi, Mississippi; Bradley W. Rath; Timothy L. Murr; and Anna Ward Sudmann. The plaintiff, Rena Hill, has not filed responses to the Motions. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that the Motions to Dismiss should be granted.

## BACKGROUND

Rena Hill filed this pro se lawsuit, claiming that one or more of the defendants violated her constitutional rights by taking away her right to serve as mother, legal custodian, and legal guardian of her adult son, who is a veteran of the United States Military. This Court previously dismissed Hill's claims against Judge Jennifer Schloegel in a [28] Memorandum Opinion and Order entered on March 7, 2018. Magistrate Judge Parker also entered an [35] Order granting the Motion for More Definite Statement filed by Peoples Bank. Peoples Bank and the other

remaining defendants now seek dismissal pursuant to Fed. R. 12(b)(6) and Fed. R. Civ. 12(b)(1).

## DISCUSSION

**FED. R. CIV. P. 12(b)(1)**

As this Court previously held in its [28] Memorandum Opinion and Order, to the extent that Hill seeks to overturn a final order entered in Chancery Court, Hill's claim would be barred by the *Rooker/Feldman* abstention doctrine. *See Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (explaining that the *Rooker/Feldman* doctrine bars a losing party "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.")

**FED. R. CIV. P. 12(b)(6)**

To survive a motion to dismiss filed pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In considering a Rule 12(b)(6) motion, a court must accept all well-pleaded facts as true and view those facts in the light most favorable to plaintiff. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 758 (5th Cir. 2015). "The court's task is to determine whether the plaintiff has stated a

legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks omitted).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The Fifth Circuit "interprets Rule 9(b) strictly, requiring the plaintiff to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Flaherty*, 565 F.3d at 206-07; *see also Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997) (holding that a party alleging fraud must, at a minimum, plead the "who, what, when, where, and how" of the alleged fraud).

Hill's Complaint and the [36] Response she submitted to Judge Parker's [35] Order requiring a more definite statement do not specify what claims she seeks to file against which defendants. However, she makes vague, unsupported allegations of racial discrimination, wiretapping, computer hacking, hostage-holding, fraud, conspiracy, invasion of privacy, and violations of constitutional and civil rights. Hill has not stated sufficient facts to support any of these claims. Therefore, Hill's Complaint and [36] Response are insufficient to state plausible claims upon which relief can be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [39, 42, 44] Motions to Dismiss filed by the remaining defendants, Peoples Bank, Biloxi, Mississippi, Bradley W. Rath, Timothy L. Murr, and Anna Ward Sudmann, are **GRANTED**. The Court will enter a separate judgment pursuant to Fed. R. Civ. P. 58.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE